UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

OLEKSANDR PUSHKAROVYCH,

    Petitioner,

v.                                CAUSE NO. 3:20-CV-585-DRL-MGG

WARDEN,

    Respondent.

## OPINION & ORDER

Oleksandr Pushkarovych, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254. He used this court's form for habeas petitions challenging a state court conviction, but he is not challenging his conviction. He is challenging a prison official's decision not to grant him a reduction in sentence for becoming certified as a braille transcriber and format specialist. Under Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Just as in *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003), Mr. Pushkarovych isn't complaining that any conferred benefit has been eliminated:

> In order to bring an action under § 2254, a prisoner must be "in custody" pursuant to the conviction or sentence being challenged. Although § 2254 is the appropriate vehicle when prison officials have revoked good-time credits once earned or lowered a previously established credit-earning classification, [the prisoner here] is not complaining that any benefit already conferred has been taken away.

*Id.* (citations omitted). So Mr. Pushkarovych cannot obtain any relief in this habeas case.

> District courts faced with a § 1983 suit brought under § 2254 should, rather than reach the merits, dismiss without prejudice to the possibility of a future § 1983 action[, but w]e hasten to add, however, that [he] would be foolish to pursue this path because [a federal] claim [he was denied education credits] is frivolous.

*Id.* at 665.

> There is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment. Although the Constitution guarantees no right to credit time for good behavior or educational programs, the State may create such a liberty interest. [The inmate] argues that Indiana has done just that, created a liberty interest under Indiana Code § 35–50–6–3.3, which grants an inmate credit time for successfully completing various educational programs. We have already reviewed and rejected this identical claim.

*Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000) (quotation marks and citations omitted).

As a final matter, under Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons already explained, Mr. Pushkarovych hasn't demonstrated the denial of a constitutional right. Mr. Pushkarovych hasn't made a substantial showing of the denial of a constitutional right, nor could jurists of reason debate the outcome of the petition or find a reason to encourage him to proceed further. Accordingly, the court declines to issue Mr. Pushkarovych a certificate of appealability.

For these reasons, the court:

(1) DISMISSES the habeas petition;

(2) DENIES Oleksandr Pushkarovych a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED.

July 21, 2020                                           *s/ Damon R. Leichty*
                                                        Judge, United States District Court